**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| THE CHILDREN'S HOSPITAL CORPORATION D/B/A/ BOSTON CHILDREN'S HOSPITAL,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>ISIN CAKIR,<br>　　　　　　　　Defendant | Civil Action No.: 1:15-cv-13281-DJC |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**
**OF ISIN CAKIR, PH.D.**

Defendant Isin Cakir, Ph.D. ("Dr. Cakir"), by and through his undersigned counsel, hereby files this *Answer, Affirmative Defenses, and Counterclaim* to the Complaint of The Children's Hospital Corporation d/b/a Boston Children's Hospital (collectively, "BCH"), and avers as follows:

1. Denied. As BCH knows, the laptop at issue is a personal laptop owned by Dr. Cakir. Only certain data on this laptop is owned by BCH pursuant to its Intellectual Property policy in place at all relevant times: "The Hospital owns all research results and intellectual property, whether tangible or intangible, developed by any person on the premises of the Hospital, or through substantial use of the Hospital's resources or facilities, or that relates to the research conducted by such person for the Hospital, or by a person within the scope of his or her employment by the Hospital." Dr. Cakir has consistently affirmed that BCH owns the material on his personal laptop that falls within the BCH Intellectual Property policy. Dr. Cakir further notes that BCH already possesses all of the material it owns via other sources. Dr. Cakir additionally notes that BCH has lost or willfully destroyed some or all of this material. BCH does not own material on Dr. Cakir's laptop that falls outside of BCH's Intellectual Property policy nor does the presence of BCH-owned material on Dr. Cakir's personal laptop allow BCH to claim ownership of his personal laptop and everything on it, including but not limited to personal information or privileged communications.

2. Denied. The laptop at issue is Dr. Cakir's personal laptop.

3. Denied. Dr. Cakir has repeatedly offered the release of data owned by BCH pursuant to its Intellectual Property policy. Dr. Cakir is under no obligation to release material outside of what BCH owns, including but not limited to his personal data, privileged communications, financial data, etc. Moreover, BCH asked Dr. Cakir to provide his laptop computer to

TechFusion for forensic analysis and he did so. Dr. Cakir delivered his personal laptop to TechFusion on August 21, 2014, for imaging and forensic analysis at the request of BCH. BCH, through an email by its counsel dated August 20, 2014, acknowledged the need to safeguard Dr. Cakir's personal information and agreed to do so though it now wants access to the entire computer image.

4. Admitted that Dr. Cakir turned over his personal laptop to BCH in an effort to cooperate with it, denied as to everything else. The personal laptop contained all data owned by BCH at the time Dr. Cakir turned it over to BCH

5. Denied. BCH has from other sources, including but not limited to Dr. Cakir's former colleague Dr. Serkan Cabi's work computer, all of the data on Dr. Cakir's laptop that it owns. BCH also makes allegations in this paragraph knowing their falsity.

6. Denied. Additionally, BCH has suffered no damage because it has copies of all the data that it owns through other sources, including but not limited to Dr. Serkan Cabi's work computer, other computers and sources in BCH custody, and laboratory notebooks and other raw data that is or should be in BCH's possession.

7. Admitted as to the first sentence of this paragraph. Dr. Cakir has no knowledge as to the accuracy of the second sentence of this paragraph.

8. Denied. Dr. Cakir left BCH earlier.

9. Dr. Cakir has no knowledge as to the accuracy of this paragraph.

10. Admitted.

11. Denied.

12. BCH's conclusions of law require no response.

13. As to the first sentence, BCH's conclusions of law require no response. As to the second sentence, denied in part and no knowledge as to the other part. BCH asked Dr. Cakir to provide his laptop computer to TechFusion for forensic analysis and he did so. Dr. Cakir delivered his personal laptop to TechFusion for imaging and forensic analysis at the request of BCH. Dr. Cakir does not know where the data is currently located though he believes it to be at TechFusion's office.

14. BCH's conclusions of law require no response.

15. Admitted. The Intellectual Property policy mirrors the relevant language in the Participation Agreement Dr. Cakir signed.

16. Denied. The Acceptable Use Policy speaks for itself but BCH fails to attach it. BCH instead offers an irrelevant interpretation of it here for the purposes of its Complaint.

17. Denied. The Acceptable Use Policy speaks for itself but BCH fails to attach it. BCH instead offers an irrelevant interpretation of it here for the purposes of its Complaint. Moreover, BCH already has the data network packets for electronic information stored or transmitted over its network.

18. Admitted.

19. Denied.

20. Denied. BCH asked Dr. Cakir to provide his laptop computer to TechFusion for forensic analysis and he did so. Dr. Cakir delivered his personal laptop to TechFusion on August 21, 2014, for imaging and forensic analysis at the request of BCH. BCH, through an email by its counsel dated August 20, 2014, acknowledged the need to safeguard Dr. Cakir's personal information and agreed to do so though it now wants access to the entire computer image. Afterward, as BCH pleads in Paragraphs 4 and 26 of its Complaint, Dr. Cakir turned over the laptop at issue to BCH. BCH has possession of Dr. Cakir's personal laptop to this day.

21. Denied. Dr. Cakir authorized release to BCH, and continues to authorize release to BCH, of data owned by BCH pursuant to its Intellectual Property policy. Dr. Cakir does not authorize release, however, of material from his personal laptop that is not owned by BCH.

22. Denied. BCH has repeatedly tried to obtain access to data on Dr. Cakir's personal laptop that it does not own. Dr. Cakir authorized release to BCH, and continues to authorize release to BCH, of data owned by BCH pursuant to its Intellectual Property policy. Dr. Cakir does not authorize release, however, of material from his personal laptop that is not owned by BCH.

23. Admitted. The flash drive contained research files, not personal ones.

24. Denied. BCH has repeatedly tried to obtain access to data on Dr. Cakir's personal laptop that it does not own. Dr. Cakir authorized release to BCH, and continues to authorize release to BCH, of data owned by BCH pursuant to its Intellectual Property policy. Dr. Cakir does not authorize release, however, of material from his personal laptop that is not owned by BCH.

25. Denied. This letter was not sent to Dr. Cakir but to his counsel at the time.

26. Admitted as to the first sentence, denied as to the remainder of this Paragraph. Moreover, Dr. Cakir reiterates that the laptop at issue is his personal laptop, not property owned by BCH.

27. Denied. BCH makes this allegation knowing its falsity.

### Count I: Conversion

28. Dr. Cakir restates and incorporates the answers to all preceding paragraphs as if set forth fully herein.

29. Denied.

30. Denied.

31. Denied.

## Count II: Replevin

32. Dr. Cakir restates and incorporates the answers to all preceding paragraphs as if set forth fully herein.

33. Denied.

34. Denied.

## AFFIRMATIVE DEFENSES

1. BCH's claim is barred under the doctrine of laches.

2. BCH's claim is barred under the doctrine of waiver.

3. BCH's claim is barred under the doctrine of estoppel.

4. BCH's claim is barred under the doctrine of unclean hands.

5. BCH's claim is barred under the doctrine of acquiescence.

6. BCH's claim is barred by the doctrine of accord and satisfaction.

7. BCH's claim is barred by the doctrine of contributory negligence.

8. BCH's claim is barred because of the allegations asserted by Dr. Cakir in a separate action before this Court, *Cabi et al. v. Boston Children's Hospital et al.*, 1:15-cv-12306-DJC, filed before BCH filed this action against Dr. Cakir and because of the allegations asserted in Dr. Cakir's counterclaim in this action.

9. BCH's claim is barred by its failure to perform its own duties and obligations under agreements between the parties and its failure to follow relevant BCH policies.

10. BCH's claim is barred by failure to state a cause of action for which relief can be granted.

11. BCH's claim is barred because it is brought for improper purposes, including but not limited to increasing litigation between the parties.

12. BCH's claim is barred because Dr. Cakir did not breach any obligations he owed to BCH.

13. If BCH incurred any injury or damage as alleged, the same was caused by and through the acts and omissions of itself and/or third parties or persons for whose conduct Dr. Cakir is not legally responsible.

14. If BCH suffered damages as alleged, such damage was caused by the intervening and superseding conduct of itself and/or third parties or persons for whom Dr. Cakir is not legally responsible.

15. To the extent he had any obligations to BCH, Dr. Cakir has fully, completely, and properly performed such obligations in every respect.

16. BCH filed this action in an attempt to deny Dr. Cakir access to evidence relevant to the allegations in *Cabi et al. v. Boston Children's Hospital et al.*, 1:15-cv-12306-DJC.

17. BCH's claim is barred due to its own spoliation of relevant evidence.

18. BCH's claim is barred due to its failure to mitigate damages, particularly where Dr. Cakir repeatedly offered that BCH could and should have access to that data which belonged to it pursuant to its Intellectual Property policy in place at the relevant time period.

19. BCH's claim is barred because it has not and cannot show a right of possession of material on Dr. Cakir's personal laptop outside of the material that it owns pursuant to its Intellectual Property policy in place at the relevant time period.

20. BCH's claim is barred because it already possesses copies (and originals) of all of the material which it owns on Dr. Cakir's personal laptop.

21. Dr. Cakir reserves his right to assert additional affirmative defenses as discovery proceeds.

## COUNTERCLAIM

Counterclaim Plaintiff Isin Cakir, Ph.D. ("Dr. Cakir"), by and through his counsel, files this Counterclaim against Counterclaim Defendants The Children's Hospital Corporation d/b/a Boston Children's Hospital (collectively, "BCH"), and in support thereof, avers as follows:

### Parties

1. Plaintiff Dr. Cakir is an individual residing in Nashville, Tennessee. Dr. Cakir was a post-doctoral fellow at BCH from October 2010 through February 2015.

2. Defendant BCH is a duly-organized Massachusetts corporation that operates a hospital and research facility in Boston, Massachusetts.

**Facts**

3.  The laptop at issue in this lawsuit is Dr. Cakir's personal laptop.

4.  In the summer of 2013, Dr. Cakir helped his principal investigator, Dr. Umut Ozcan ('Dr. Ozcan") write a grant proposal submitted in Turkey. To thank him, Dr. Ozcan bought and gave Dr. Cakir the laptop at issue. Dr. Ozcan never represented to Dr. Cakir that this computer was from BCH or purchased using BCH or Ozcan lab funds; Dr. Ozcan instead represented it as a personal computer for Dr. Cakir and as a personal gift.

5.  Because Dr. Cakir's supervisor, Dr. Ozcan, instructed him and others in his laboratory to use a data-sharing program called Dropbox, Dr. Cakir's personal laptop, the laptop at issue in this lawsuit, contained on it material owned by BCH pursuant to its Intellectual Property policy in place at all relevant times.

6.  The BCH Intellectual Property policy at Tab A states, in relevant part: "The Hospital owns all research results and intellectual property, whether tangible or intangible, developed by any person on the premises of the Hospital, or through substantial use of the Hospital's resources or facilities, or that relates to the research conducted by such person for the Hospital, or by a person within the scope of his or her employment by the Hospital."

7.  The Intellectual Property policy at Tab A defines what BCH owns on the laptop at issue.

8.  Dr. Cakir has affirmed that BCH owns the material on his personal laptop that falls within the BCH Intellectual Property policy at Tab A.

9.  Dr. Cakir has offered to BCH that it be allowed to access from an image made by TechFusion Corporation the material it owns pursuant to the Intellectual Property policy at Tab A.

10. BCH has refused Dr. Cakir's offers referenced in the preceding paragraph.

11. According to BCH policy, principal investigators are responsible for all information technology issues within their respective labs. *See* Tab B for BCH's Policy on Data Management, Retention and Availability – Investigator and Staff Obligations which states: (a) "Are lab heads and investigators responsible for research and data practices of research fellows and staff? Yes.  Fully responsible."; and, (b) "Lab heads and investigators are responsible for research and data practices of research fellows and staff."

12. BCH has physical custody of the laptop at issue at this time.

13. BCH also has copies of all of the data that it owns that was on the laptop at issue through other sources, including but not limited to Dr. Serkan Cabi's ("Dr. Cabi") and Dr. Cakir's work computers.

14. BCH has physical custody of Dr. Cakir's and Dr. Cabi's work computers.

15. BCH has lost certain material turned over to it by Dr. Cakir in the spring of 2014.

16. BCH has destroyed certain material turned over to it by Dr. Cakir in the spring of 2014.

17. The presence of BCH-owned material on a personal laptop does not give BCH ownership over that personal laptop and everything on it, including but not limited to personal information or privileged communications.

18. The presence of BCH-owned material on a personal laptop does not give BCH a right to access material on that laptop that it does not own.

19. BCH, through email on August 20, 2014, assured that "personal information" would be "safeguarded, of course" during the "forensic analysis" it requested of Dr. Cabi's laptop.

20. BCH brought this lawsuit against Dr. Cakir for improper purposes.

21. Dr. Cakir filed a lawsuit against BCH in this Court on June 11, 2015, *Cabi et al. v. Boston Children's Hospital et al.*, 1:15-cv-12306-DJC.

22. On September 3, 2015, BCH brought this separate action against Dr. Cakir.

23. BCH on October 13, 2015, also filed a state court action against one of Dr. Cakir's co-plaintiffs, Dr. Serkan Cabi ("Dr. Cabi"), bringing the same allegations of conversion and replevin concerning his personal laptop.

24. Rather than file its claims of conversion and replevin against Dr. Cakir and Dr. Cabi as counterclaims, BCH has filed two additional actions in two different courts in an effort to increase the litigation between the parties.

25. BCH also brings this action in an effort to deny Dr. Cakir access to information on the laptop at issue that is relevant to his lawsuit, *Cabi et al. v. Boston Children's Hospital et al.*, 1:15-cv-12306-DJC.

26. BCH has lost or destroyed certain material relevant to the claims in *Cabi et al. v. Boston Children's Hospital et al.*, 1:15-cv-12306-DJC.

27. BCH is also engaged in forum shopping here. BCH filed a separate action against Dr. Cakir and presumably thought it would get a different judge. As to Dr. Cabi, the laptop at issue is indisputably his personal property and access to the data could have been handled

by orders of this Court, not a separate lawsuit in the Suffolk County Superior Court Business Litigation Session.

28. BCH knows some of its allegations are false.

29. As of this date, BCH does not have any factual basis for some of its allegations.

30. On May 1, 2015, under oath, BCH filed in the MCAD three responses to position statements filed by Dr. Ozcan attached at Tab C. Page 2 of each of these responses stated:

- Dr. Ozcan's position statement asserts that the Hospital learned of Drs. Cabi and Cakir's desire to form a startup and "thwarted it by prohibiting them from using the SR01 and SR02 intellectual property."

    o *The Hospital is unclear what facts and information Dr. Ozcan is relying upon in making this assertion. Accordingly, the Hospital cannot verify the accuracy or inaccuracy of this statement.*

31. On May 1, 2015, under oath, BCH filed in the MCAD three responses to position statements filed by Dr. Ozcan attached at Tab C. Page 3 of each of these responses stated:

- Dr. Ozcan's position statement asserts that "Drs. Cakir, Cabi, and Mert initiated the process to create their own private startup company, independent of ERX and without the participation of Dr. Ozcan. Their only goal in doing so was to develop SR01 and SR02 as marketable drugs by themselves and thereby reap all of the fame and financial reward that would accompany those breakthroughs. Thankfully, BCH thwarted this attempt."

    o *The Hospital is unclear what facts and information Dr. Ozcan is relying upon in making this assertion. Accordingly, the Hospital cannot verify the accuracy or inaccuracy of this statement.*

### COUNT I (Abuse of Process)

32. Dr. Cakir repeats and incorporates by reference the allegations made in paragraphs 1 through 31 of this Counterclaim.

33. BCH used legal process for an ulterior or illegitimate purpose resulting in damage to Dr. Cakir.

34. BCH used legal process for an ulterior or illegitimate purpose with malice resulting in damage to Dr. Cakir

### Jury Demand

Dr. Cakir demands a jury trial as to all triable issues.

**Prayer for Relief**

WHEREFORE, Dr. Cakir prays that this Court:

1. Award money damages in an amount determined at trial, exclusive of interest;

2. Award multiple, consequential, and punitive damages;

3. Award interest;

4. Award attorney's fees, costs, and disbursements of this action; and,

5. Order such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    ISIN CAKIR, Ph.D.

    By his attorney,

    /s/ Christian G. Samito
    Christian G. Samito, BBO# 639825
    Samito Law, LLC
    15 Broad Street, Suite 800
    Boston, MA 02109
    (617) 523-0144 (telephone)
    Christian@samitolaw.com

Date:   October 28, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon attorneys of record by ECF on October 28, 2015.

    /s/ Christian G. Samito
    Christian G. Samito
    BBO# 639825